UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIRK KNIGHT and HEATHER KNIGHT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV00566 ERW |
| | ) | |
| WASHINGTON SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction [doc. #11].

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of the efforts of Plaintiffs Kirk and Heather Knight ("Plaintiffs"), pursuant to the Individuals with Disabilities Education Act ("IDEA" or "the Act"), to obtain administrative or judicial review of the appropriateness of the Individualized Educational Programs ("IEPs") adopted by Defendant Washington School District ("Defendant") with respect to their minor child, J.N.K.

In December 2006, Plaintiffs filed an administrative due process complaint with the Missouri Department of Elementary and Secondary Education ("the DESE"), alleging that Defendant had adopted inadequate IEPs for J.N.K., in violation of the Act's procedural safeguards intended to ensure that disabled children receive a "free appropriate public education." *See* 20 U.S.C. § 1415(a). Following a somewhat convoluted series of administrative filings, amendments, and orders that are not relevant to this litigation, DESE hearing officer Patrick O.

Boyle ("Chairman Boyle") issued a Case Management Order identifying five allegations on which Plaintiffs were entitled to a hearing, paraphrased here in the interest of clarity:

> (1) The school failed to properly evaluate and fully identify the student's disabilities and corresponding needs.
> (2) The school failed to craft appropriate IEPs for the student, in that they did not include present levels of education performance and sufficiently measurable annual goals and short-term objectives.
> (3) The student's IEPs failed to provide adequate related and support services.
> (4) The parents did not receive adequate prior written notice of actions taken with respect to their child's education.
> (5) The parents were denied the right to participate as equal partners in the student's IEP process.

The Order further directed Plaintiffs to submit specific additional information with respect to each issue, and Plaintiffs did so in a timely manner. The matter was set for a hearing on October 29, 2007, and Defendant filed a Motion to Dismiss on October 19, 2007. Then, on October 22, 2007, Chairman Boyle issued a Scheduling Order dismissing issues 1, 3, 4, and 5, citing a DESE regulation, propagated in August 2007, providing that a chairperson has the duty, prior to the hearing, to "[i]dentify and eliminate claims and complaints that are frivolous . . . upon proper motion of a party and an opportunity for response from opposing party."

The matter proceeded to the hearing on the single remaining issue, and prior to the beginning of the hearing, Plaintiffs requested an opportunity to be heard, at which point they argued that Chairman Boyle had improperly applied the new DESE regulation without giving them an opportunity to respond. Chairman Boyle responded that all of the pleaded issues could have been summarily dismissed due to insufficient pleading, and following Plaintiffs' counsel's assertion that the entire complaint should have been dismissed if that were true, Chairman Boyle issued a ruling to that effect, and the actual hearing never took place.

Then, in December 2007, Plaintiffs filed an action in this Court, appealing the dismissal of their administrative complaint. The Court reversed and vacated Chairman Boyle's decisions of

October 22, 2007 and October 29, 2007, finding (1) that Chairman Boyle improperly applied the new DESE regulation retroactively with respect to the four issues dismissed in the October 22 Order; and (2) that the dismissal of the remaining claim was improper because it was not based on Defendant's Motion to Dismiss and was entered without affording Plaintiffs an opportunity to be heard. *See Knight v. Washington School Dist.*, 2008 WL 5381867 (E.D. Mo. 2008).

Following remand, on January 6, 2009, Defendant filed a Motion to Dismiss for Failure to Plead Facts Demonstrating Entitlement to Relief. On January 27, 2009, after Plaintiffs had failed to respond to the Motion,[1] Chairman Boyle granted it on the grounds that Plaintiffs' complaint "failed to contain fact pleading as contemplated by the Individuals with Disabilities Act (IDEA) and 34 C.F.R. § 300.507(c)."[2] Then, on January 29, 2009, Plaintiffs moved for leave to respond to Defendant's Motion to Dismiss; Defendant did not oppose the Motion, and Chairman Boyle granted it and vacated his prior order. Plaintiffs then filed their Response and Renewed Motion to Disqualify Chairperson on February 28, 2009. On March 11, 2009, however, Chairman Boyle again granted Defendant's Motion and dismissed Plaintiffs' complaint without prejudice "for failure to include short plain statements of fact showing that [they] are entitled to relief," stating that "[n]otice pleadings as practiced under the Federal Rules of Civil Procedure are not sufficient for this due process complaint filed under" Mo. Rev. Stat. § 162.961. Chairman Boyle also

---

[1] Plaintiffs claim that the Motion to Dismiss was not filed until January 16, 2009, and that their response therefore was not yet due when Chairman Boyle granted the Motion. Plaintiffs' counsel also asserts that he was out of the country when the Motion to Dismiss was filed.

[2] Neither party has provided the Court with this Order, but the Court assumes that Defendant's quotation is accurate. *See* Def.'s Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. #12, p. 4]. As discussed more fully below in footnote 4, neither this regulation, nor any other IDEA provision, purports to require fact pleading for due process complaints filed under IDEA. It also bears mentioning that 34 C.F.R. § 300.507 does not even contain a sub-part (c).

denied Plaintiffs' Motion to Disqualify. In response, Plaintiffs filed this suit in April 2009, seeking *de novo* review of the dismissal of their complaint.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party is permitted to challenge a federal court's jurisdiction over the subject matter of the complaint. When the Court's subject matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) (internal citations and quotations omitted). The party invoking the jurisdiction of the federal court has the burden of establishing that the court has the requisite subject matter jurisdiction to grant the requested relief. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. DISCUSSION

Defendant contends that this matter must be dismissed because the Court lacks jurisdiction to review a hearing officer's determination concerning the sufficiency of a due process complaint under IDEA. Plaintiffs argue that there is federal jurisdiction because IDEA entitles parties subject to adverse decisions in state administrative proceedings to bring suit in district court.

IDEA provides parents with the right to bring a complaint "with respect to any matter relating to the identification, evaluation, or education placement of [a child with a disability], or the provision of a free appropriate public education to such child," provided the complaint is brought within the specified limitations period. 20 U.S.C. § 1415(b)(6); *see also Winkelman ex rel. Winkelman v. Parma City School Dist.*, 550 U.S. 516, 526 (2007) (a parent enjoys enforceable rights under IDEA that need not be asserted on behalf of his child). § 1415(f) mandates that upon receipt of such a complaint under § 1415(b)(6), "the parents . . . shall have an

opportunity for an impartial due process hearing, which shall be conducted by the State education agency or by the local educational agency" – what the Court will refer to as a "§ 1415(f) hearing."

IDEA supplies two general options for review of state agency decisions with respect to these complaints, one at the state administrative level and the other in district court, but both are explicitly conditioned upon an actual § 1415(f) hearing having taken place. Under the first, set out in § 1415(g), "[i]f the hearing required by [§ 1415(f)] is conducted by a local agency, any party aggrieved by the findings and decision *rendered in such a hearing* may appeal such findings and decision to the State educational agency." (emphasis added). The second option provides resort to federal district court, without regard to the amount of controversy, where the initial complaint was filed directly with the state educational agency – that is, where § 1415(g) does not apply because the complainant chose to bypass the local agency level. § 1415(i)(2)(A). This latter option, however, is likewise only available where a party has been "aggrieved by the findings and decision *made under subsection (f)*." *Id.* (emphasis added).

The Act also expressly provides for an initial review of a due process complaint, before the complaint reaches the § 1415(f) hearing stage, as occurred in the present case when Chairman Boyle dismissed Plaintiffs' claims. Pursuant to § 1415(b)(7)(A)(ii), a due process complaint must include, in addition to certain basic information not relevant to this case, "a description of the nature of the problem of the child relating to [the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child],[3] including facts relating to such problem" and "a proposed resolution of the problem to the extent known and available to the party at the time." Once filed, the complaint is presumed to be

---

[3] The bracketed language is the permissible basis for bringing a due process complaint under IDEA in § 1415(b)(6), replacing the phrase "such proposed initiation or change," which the Court understands as referring to the grounds for filing a complaint.

sufficient, "unless the party receiving the notice notifies the hearing officer and the other party in writing that the receiving party believes the notice has not met the requirements of subsection (b)(7)(A)." § 1415(c)(2)(A). If the adverse party does issue such a notification, the hearing officer is then required, within five days of the notice, to "make a determination on the face of the notice" – i.e., without the benefit of a hearing – "of whether the notification meets the requirements of subsection (b)(7)(A)." § 1415(c)(2)(D).

Viewing these provisions together, then, a hearing officer is entitled to review the sufficiency of a due process complaint notice under § 1415(c)(2)(D) prior to the § 1415(f) hearing, and without that hearing, district court review under § 1415(i)(2)(A) is unavailable because federal jurisdiction under that provision is limited to reviewing determinations from § 1415(f) hearings. This conclusion – that IDEA does not provide for judicial review of a hearing officer's conclusion as to whether a due process complaint filed under the Act is sufficient – is also supported by the legislative history of the Act. In its official report on IDEA, the Senate's Committee on Health, Education, Labor, and Pensions provided essentially the same statutory analysis as set forth above, and it arrived at the same conclusion:

> A due process complaint notice filed under section 615(b)(7)(A) is deemed to be sufficient for purposes of going to a due process hearing. However, if the party receiving the notice believes it to be insufficient, section 615(c)(2) requires the receiving party to notify the hearing officer and the other party within 20 days of receiving the notice. A hearing officer then has five days from receipt of the notice of insufficiency to determine whether the due process complaint notice meets the statutory requirements. *This determination shall be made on the face of the complaint. There should be no hearing or appeal in regard to the hearing officer's determination*.

S. Rep. 108-185, at 35 (2003) (emphasis added).

Thus, as illustrated by the plain language of § 1415 and as supported by IDEA's legislative history, the Court lacks jurisdiction under IDEA over Plaintiffs' claims because no § 1415(f) due

process hearing ever took place. Based on purported pleading deficiencies, Chairman Boyle granted Defendant's Motion to Dismiss pursuant to § 1415(c)(2)(D), which, as discussed above, allows a hearing officer to make a pre-hearing determination as to the sufficiency of a due process complaint notice upon motion of the opposing party and an opportunity for the complainant to respond. As such, regardless of the propriety of the Chairman's action – about which the Court has substantial questions, given the lack of authority for the alleged fact pleading requirement and the significant level of detail Plaintiffs provided about their claims[4] – the Court lacks jurisdiction under § 1415(i)(2)(A) to review his decision because the Court has no "findings and decision" made under § 1415(f) to review.

The Court recognizes that this is, at best, an unsatisfying outcome for Plaintiffs, as they have clearly expended significant efforts to have the DESE address their claims and have offered

---

[4] § 1415(b)(7)(A) provides the standard for assessing the sufficiency of due process complaint notice under IDEA, and there is no suggestion in IDEA or in any of the authorities cited by Defendant that state law pleading requirements are applicable or should take precedence. In fact, Mo. Rev. Stat. § 162.961, cited by Chairman Boyle in finding Plaintiffs' complaint insufficient, explicitly states that "[a]ny due process hearing request and responses to the request shall conform to the requirements of the Individuals with Disabilities Education Act." § 162.961.6; *see also* § 162.961.1 (due process hearing request should include "the child's name, address, school, issue, and suggested resolution of dispute if known"). Furthermore, the Act's legislative history indicates not only that IDEA does not require fact pleading, but that IDEA's pleading standard is even more liberal than notice pleading. *See* S. Rep. 108-185, at 34 (2003) ("The committee does not intend for a notice of a due process complaint to reach the level of specificity and detail of a pleading or complaint filed in a court of law."). The Report goes on to provide, as an example of a complaint that would be insufficient under this standard, a notice that states merely "Child was denied FAPE [free appropriate public education]." *Id.* Plaintiffs, in contrast, provided a twenty-five-page, single-spaced supplement to their claims – at Chairman Boyle's direction – detailing their factual allegations and describing the evidence they sought to offer in support. While Plaintiffs' filings may not have been in strict compliance with pleading requirements as they exist in a court of law, they were more than sufficient to put Defendant on notice of the substance of their claims. In short, to the extent Chairman Boyle believes he is entitled to enforce the Missouri Rules of Civil Procedure inflexibly in the context of an IDEA due process hearing held before the DESE, in the manner of a judge presiding over a Missouri court of law, he is mistaken.

persuasive arguments that Chairman Boyle's most recent dismissal of their due process complaint was in error. Furthermore, the Court finds it troubling that a state official's summary dismissal of a complaint founded on federal law, for which federal law provides the applicable standard, appears to be unreviewable in federal court. There is, however, no readily apparent alternative avenue for Plaintiffs to have their claims heard in this Court, in that jurisdiction under the Administrative Procedure Act and relief in the nature of mandamus are both unavailable with respect to Chairman Boyle's actions because the DESE is a state agency. *See* 5 U.S.C. § 701(b)(1) ("agency," for purposes of the APA, "means each authority of the Government of the United States"); *Hunter v. Underwood*, 362 F.3d 468, 477 (8th Cir. 2004) ("The APA does not grant federal courts jurisdiction to review actions of state or municipal agencies. . . . The agency provides federally subsidized public housing to low income families, but it is not a federal agency whose actions are governed by the APA."); 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Without expressing an opinion on the issue, the Court suggests that Plaintiffs may be able to obtain judicial review of the dismissal of their complaint in Missouri state court under the Missouri Administrative Procedure Act, *see* Mo. Rev. Stat. § 536.100; Mo. Rev. Stat. § 536.140.2, but again, the Court acknowledges that this is likely cold comfort given that Plaintiffs have been attempting now for several years just to obtain a hearing.

In conclusion, the Court finds that it is bound to dismiss this suit for lack of subject matter jurisdiction. IDEA restricts federal court jurisdiction to reviewing decisions and findings from hearings held under 20 U.S.C. § 1415(f), and because Plaintiffs' administrative complaint was

dismissed prior to such a hearing, the Court is without power to review the propriety of the dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction [doc. #11] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Judgment as a Matter of Law on the Administrative Record [doc. #8] is **DENIED, as moot**.

Dated this <u>10th</u> Day of <u>May</u>, <u>2010</u>.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE